
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ATTEBURY GRAIN LLC,
A limited liability company,

    Plaintiff-Appellee,

v.

GRAYN COMPANY, a corporation;
VICENTE CORTEZ, an individual,

    Defendants-Appellants.

No. 18-56325

D.C. No. 2:15-cv-05258-R-PJW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 21, 2020
Pasadena, California

Before: RAWLINSON, CLIFTON, and BRESS, Circuit Judges.

In a prior appeal, this court affirmed summary judgment in favor of Plaintiff

Attebury Grain LLC for claims under California's Uniform Voidable Transactions

Act (UVTA) arising from the fraudulent transfer of Superior Grain Co., a corn

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

processing business, to Defendants Vicente Cortez and Grayn Co. *See Attebury Grain LLC v. Grayn Co.*, 721 F. App'x 669, 671-72 (9th Cir. 2018). This court reversed summary judgment on Attebury's claim of unjust enrichment and remanded for the district court to dismiss that claim and "determine the amount of damages due on the fraudulent transfer claims alone." *Id.* at 672. On remand, the district court awarded damages totaling $1,148,107.55, comprised of Attebury's $825,706.95 arbitration award against Superior plus prejudgment interest. We affirm.

We reject Defendants' argument on appeal that the district court violated this court's mandate by awarding damages without holding a hearing or taking additional evidence on remand. Nothing in the mandate required the district court to take such action.

We also reject Defendants' argument that Superior transferred only its equipment and corn inventory to Defendants. Defendants suggest that language in this court's memorandum disposition referring to the transfer of Superior's equipment and corn inventory establishes the "law of the case" that only such assets were transferred. *See Attebury Grain*, 721 F. App'x at 671. However, the language relied upon by Defendants does not amount to a holding as to the identity of the assets transferred, which was not an issue before this court on appeal, and

does not affect the unchallenged determination that Superior transferred "substantially all" of its assets to Defendants.

The district court complied with this court's mandate by determining the amount of damages due on Attebury's fraudulent transfer claims pursuant to the UVTA, which allows damages based on either "the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less." Cal. Civ. Code § 3439.08(b)(1). The record shows that the district court had sufficient evidence before it that the value of Superior's entire business exceeded the amount of the arbitration award. Therefore, the district court did not err in awarding damages based on this latter amount.

**AFFIRMED.**